```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF NEW YORK

------------------------------X  Docket#
CHRISTOPHER SADOWSKI,          : 16-cv-03660-FB-PK
              Plaintiff,       :
                               :
    - versus -                 : U.S. Courthouse
                               : Brooklyn, New York
                               :
TRUSA NY CORP,                 : September 20, 2017
              Defendant        :
------------------------------X
```

```
    TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
          BEFORE THE HONORABLE PEGGY KUO
          UNITED STATES MAGISTRATE JUDGE
```

**A   P   P   E   A   R   A   N   C   E   S:**


**For the Plaintiff:**          **Rayminh Ngo, Esq.**
                                Nao Law Practice
                                715 East 3900 South
                                Suite 209
                                Salt Lake City, UT 84107


**Transcription Service:**      **Transcriptions Plus II, Inc.**
                                61 Beatrice Avenue
                                West Islip, New York 11795
                                laferrara44@gmail.com


```
Proceedings recorded by electronic sound-recording,
transcript produced by transcription service
```

2

Proceedings

1          THE COURT:  It's Judge Kuo.

2          MR. NGO:  Yes.  This is Rayminh Ngo.  I am

3 appearing for a motion -- a hearing on a motion for a

4 default judgment.

5          THE COURT:  Okay, great.  Thank you.

6          And did you give notice to the other side that

7 this was happening?

8          MR. NGO:  Your Honor, my office did file --

9 served the motion on the other side.

10          THE COURT:  Okay.

11          MR. NGO:  And by the way, just to give you some

12 context, this is following a default entry, the --

13          THE COURT:  Yes.

14          MR. NGO:  Yeah.

15          THE COURT:  All right.  So I had a couple of

16 questions and concerns.

17          MR. NGO:  Okay.

18          THE COURT:  So I just wanted to raise them with

19 you and then we can decide where to go from there, okay?

20          MR. NGO:  Sure.

21          THE COURT:  So my understanding is that this

22 was a copyright infringement case where there are 19

23 photographs and there are two copyright registration

24 numbers, which were set forth in the complaint.

25          So my first question is I don't see the

3

Proceedings

1  registration certificates.  So I don't know --

2          MR. NGO:  Oh.

3          THE COURT:  -- were they submitted?

4          MR. NGO:  Yeah, they should have been.

5  typically what we -- they were filed either with the

6  complaint or within one of the subsequent pleadings.  I

7  know they were.  In any event, I would indicate that.

8          The defendant's default is -- it's an admission

9  of the truth of the allegations but I understand that

10  that's something we typically -- hold on, your Honor.

11  Let me just quickly pull up the file.

12  (Pause)

13          MR. NGO:  Your Honor, I can't appear to

14  specifically locate that -- oh, actually we did -- I

15  guess what we proffered as proof of the registration,

16  your Honor, is Mr. Sadowski, the plaintiff's declaration

17  that was filed with this motion and it does specifically

18  indicate the official copyright registration numbers for

19  the two images that are -- that have been alleged to have

20  been fringed upon.

21          THE COURT:  Right.  And I know that in a

22  default judgment, I am supposed to take the facts alleged

23  to be true but I am somewhat hesitant to say something is

24  true with regard to an actual copyright that's registered

25  --

Transcriptions Plus II, Inc.

4

Proceedings

1          MR. NGO:  Right.

2          THE COURT:  -- if it's not true, right?

3          MR. NGO:  I totally understand that.

4          THE COURT:  Because then I will have made a

5    ruling that's contrary to the copyright office.

6          MR. NGO:  Yeah, I guess -- I mean, typically

7    many times our actions -- copyright actions are

8    challenged and usually that kind of information comes out

9    when the defendant requests for discovery -- I think in

10   this case, it appears it may not have been included in

11   the pleadings thus far because this -- it came to this

12   point by way of defendant's default.

13         THE COURT:  I understand why you may not have

14   submitted it but I am saying that I would like to see it,

15   so that --

16         MR. NGO:  Okay.

17         THE COURT:  -- I can at least be assured that

18   what I am finding to be true in the outside world because

19   it seems like --

20         MR. NGO:  All right.

21         THE COURT:  a very -- easily verifiable fact,

22   right?  So submit the registration.

23         MR. NGO:  I understand.

24         THE COURT:  And the other problem is I don't

25   know when because your client doesn't say when he

5

Proceedings

1    registered them.  So I don't know --

2            MR. NGO:  Okay.

3            THE COURT:  -- you know, if the timing was that

4    he registered it after this action was brought or after

5    the photos came to light on the website or I just don't

6    have information on that and if you have the

7    registration, that would certainly put that question to

8    rest, as well.

9            MR. NGO:  Okay.

10           THE COURT:  All right.

11           MR. NGO:  If the Court would permit, maybe I

12   guess a continuance of this --

13           THE COURT:  Yes.

14           MR. NGO:  -- and we can --

15           THE COURT:  I'll permit you to make a

16   supplemental filing, so that you can submit that.

17   Because the other questions I have are whether the

18   copyrights cover these 19 photos, right?  Because you've

19   only got two registrations but 19 photos.  So I don't

20   know the scope of the registrations.

21           MR. NGO:  Okay.  I understand.  And I think the

22   allegation may have been 19 infringements of those two

23   photos.  I needed --

24           THE COURT:  Well, but you submitted which two

25   photos?

6

Proceedings

1           MR. NGO:  The two for which he -- that are in
2   the allegations for which he does have registrations for.
3           THE COURT:  Well, which ones are they?
4           MR. NGO:  That's what we would be --
5           THE COURT:  Yeah, that's --
6           MR. NGO:  -- (indiscernible) provide
7   (indiscernible).
8           THE COURT:  -- what I need to have clarified.
9   Because your Exhibits A and B to your complaint submit
10  more than two photos, so --
11          MR. NGO:  Oh, okay.  So -- okay.
12          THE COURT:  All right?
13          MR. NGO:  Okay.  I understand.  So what it be
14  okay with the Court if we provide this information just
15  by way of a letter motion -- I mean, a letter to
16  chambers?
17          THE COURT:  Well, no, that's why I am saying at
18  the end of -- because there are a lot of other problems I
19  have.  So I am going to tell you what my problems are --
20          MR. NGO:  Okay.
21          THE COURT:  -- and then we'll figure out how
22  we're going to solve them.  Okay?
23          MR. NGO:  Okay.
24          THE COURT:  Okay.  Right.  So -- and then my
25  last question which may be answered if you submit the

7

Proceedings

1  registrations, is that these photos have -- the Exhibit A
2  photos have this little stamp on it that has the
3  copyright, C, then it says Christopher Sadowski/splash
4  News.  No one tells me who Splash News is.  So is that a
5  company name that Christopher Sadowski used?
6        MR. NGO:  Yeah, yeah.  I believe what you're
7  referring to is the d/b/a that he puts --
8        THE COURT:  Okay.  So that's why I need to know
9  if the registration is to him or Splash News or that's a
10  d/b/a.  So again, if you'll give me the registration, I
11  can -- and that's obvious on the registration, that will
12  answer my question.
13        MR. NGO:  Okay.
14        THE COURT:  If the registration doesn't say
15  that, then you need to tell me what, you know --
16        MR. NGO:  Sure, sure.
17        THE COURT:  -- what the issue is.
18        MR. NGO:  We can -- I know we have that
19  information.
20        THE COURT:  Okay.
21        MR. NGO:  Any other concerns you have, your
22  Honor?
23        THE COURT:  Yes, I do.  Let me go down my list,
24  all right?  So the Exhibit A and the Exhibit B to your
25  complaint has like I said, a bunch of photos and I am not

8

                         Proceedings

1   sure which photos -- I can tell the photos -- what the

2   photos are in Exhibit A because I can see them but in

3   Exhibit B where you've got screen shots, it's not

4   entirely clear what's being matched up because the screen

5   shots have a photo and then it looks like there are

6   photos above it, some of them have a complete photo and

7   then above and below are partial photos.  So are you

8   saying that it's only the pull photo that is the

9   infringing?

10          MR. NGO:  Uh --

11          THE COURT:  Because they are not matched up, so

12  I don't know what you're saying plus the screen shots

13  don't give me a date.  So I don't know when the alleged

14  infringement occurred.

15          MR. NGO:  Actually, the screen shots do provide

16  a date, your Honor.  If you look at the bar at the screen

17  shot, at the bottom right corner, it indicates a time and

18  date --

19          THE COURT:  6/1/15?

20          MR. NGO:  -- when that -- yes, when these shots

21  were taken from -- were found to appear on the

22  defendant's website.

23          THE COURT:  Well, but the last few on Exhibit B

24  don't seem to be the 6/1/2015, they seem to be 6/27.  I

25  can't -- they look like that's what it is but --

9

Proceedings

1          MR. NGO:  Yeah, yeah.

2          THE COURT:  --- you haven't said it, so I don't

3    know.

4          MR. NGO:  Not all of the screen shots have the

5    same date, some are 6 -- some are 6/27 but they stall

6    fall within the --

7          THE COURT:  Well, but you still need to tell me

8    what the dates are and then if you look at the last few

9    pages, they don't have a date at all.  Right?  I can't

10   tell starting on the page that's -- it's double-stamped

11   over, so it's a little bit hard for me to read it.  I

12   guess it's page 50 -- 50 of 55.  I can't -- like I said,

13   these are double-stamped, so I can't tell what they are.

14   That doesn't have a -- the bottom right corner does not

15   have a date, the next page doesn't have a date and then

16   the last four pages are these multiple screen shots which

17   are too tiny for me to read.  Do you see them?

18         MR. NGO:  Let me see.  I do see -- yeah, I do

19   notice, your Honor, that some of them don't Bates stamp.

20         THE COURT:  Yeah.

21         MR. NGO:  The vast majority of them actually

22   do.

23         THE COURT:  Well, so are you saying the ones

24   that don't have dates, you're not asking for the Court to

25   find that those are infringements?

10

                        Proceedings

1          MR. NGO:  No, we --

2          THE COURT:  I can't find that there were

3   infringements if I don't know what date it occurred.

4          MR. NGO:  I understand and I mean, I think when

5   these were submitted, the whole point wasn't necessarily

6   to demonstrate at that point the specificity of the dates

7   upon which they were infringed but more to provide a

8   basis for the allegation in the complaint.

9          THE COURT:  Right.  But let's say the

10  infringement occurred in 2013, and these were registered

11  in 2015, it's not an infringement anymore, so the date

12  matters.

13         MR. NGO:  Yeah, I would agree with you on that.

14         THE COURT:  Right.

15         MR. NGO:  So that's why our registration -- the

16  registration proof that I would be submitted to you would

17  show that these infringements fall within -- after he did

18  register.

19         THE COURT:  But what date was the infringement

20  on page 50?

21         MR. NGO:  What I can do, your Honor, is for

22  those pages, obviously you're concerned about the pages

23  that don't show a clear date.  On those pages, what we

24  can do is if you would permit, is we can provide

25  additional proof of the same images that does contain the

11

Proceedings

1    dates of the infringement.

2            THE COURT:  Okay.  All right.  So that -- you

3    can add that to the list of how you're going to

4    supplement this.  So I have another concern with regard

5    to any licensing agreements that your client has used in

6    the past because I need to find out what the market value

7    is of the work.  So if he has had other licensing

8    agreements, that can establish what the market is.

9            MR. NGO:  I think what's -- and I don't know if

10   this would suffice but in Mr. Sadowski's declaration, he

11   does indicate that his licensing fees are published on

12   his web page.  And that's what he goes by.

13           Basically, his license fees range anywhere from

14   750 up to 10,000, depending on the image and the use for

15   which (indiscernible).

16           THE COURT:  Well, it's not a market -- I'm

17   supposed to find the market rate, right, and the market

18   value.  There's no market if nobody is buying it.  So

19   what I need to find out because damages, I can't take for

20   granted, I have to actually make findings.  So if he can

21   show me that there have been people who have licensed his

22   photos for that rate, then I can say that is the market

23   rate.

24           If he can't show that anyone has -- I mean I

25   could -- not to put your client down but if I put one of

12

Proceedings

1  my photos on the website and said, you know, I want

2  $1,000 for it and nobody ever buys it, then I don't know

3  that there's a market for my art at $1,000.

4          MR. NGO:  Yes, your Honor.

5          THE COURT:  So the fact that it's on his

6  website doesn't establish a market but if there are other

7  agreements where people have, in fact, have said sure,

8  I'll pay that amount or I will pay some different amount,

9  then that becomes the market rate.

10         MR. NGO:  I can do that.  My only concern with

11  doing that, your Honor, is -- I'm not sure, you know, our

12  office -- I mean, we don't inquire about other agreements

13  that the client has with (indiscernible).

14         THE COURT:  Well, if he wants to black out the

15  name of whoever the counter party is, that's okay.

16         MR. NGO:  Okay.  That's --

17         THE COURT:  I just need to know that as of

18  whatever date, you know, if there have been other

19  agreements that have been entered into, that's what

20  creates a market.

21         MR. NGO:  Okay.  I can ask --

22         THE COURT:  I am not interested in who else has

23  bought it.  I just need to know that that has happened.

24         MR. NGO:  Okay.  As long as you're permitting

25  us to redact just for privacy purposes, the names of

13

Proceedings

1    other --

2                THE COURT:  That's fine.

3                MR. NGO:  -- licensees.

4                THE COURT:  All right.  So now let's turn to my

5    questions about the defendant.  So the defendant here is

6    Trusa NY Corp. but this website is TurkishNY.com.  What's

7    the link between the two?

8                MR. NGO:  Well, the defendant owns the website.

9                THE COURT:  How do we know that?

10               MR. NGO:  I -- let me see here.  Well, I don't

11   think -- apparently there hasn't been -- your Honor,

12   since this comes to you on a default, there hasn't been

13   the discovery to thrash that out.

14               So it's based on our information and belief.  I

15   mean, we -- obviously, we investigate the own -- the true

16   owners, the actually party in interest, the defendant in

17   interest before we initiate an action against -- because

18   we've had cases sometimes, you know, where we sue the

19   wrong party and end up having to dismiss that party,

20   replace them with something else.  That's certainly

21   something that we try to avoid and so --

22               THE COURT:  I know, but I am looking at your

23   complaint.  And so I am supposed to take the allegations

24   in a well-pleaded complaint as true but your complaint

25   under parties only talks about the plaintiff.  Right?

14

Proceedings

1    And you say the defendant is an individual residing in

2    the City of Brooklyn, but this is a company, Trusa NY

3    Corp.  So --

4                MR. NGO:  Well, I think it's a d/b/a that's

5    essentially --

6                THE COURT:  But it's d/b/a what?  It's Trusa NY

7    Corp. d/b/a what?  You don't show that there's a d/b/a.

8    I don't know who the d/b/a is.  Who is the d/b/a?

9                So all you have to do is put it in the

10   complaint.  You're just not putting these things in the

11   complaint.  So I can't take anything as true if it's not

12   in the well-pleaded complaint.

13               MR. NGO:  I understand.

14               THE COURT:  Do you see what I am saying?

15               MR. NGO:  Okay.

16               THE COURT:  I mean, I know you get a lot of

17   leeway in default and I am trying to do that but I can't

18   just make findings that are not part of your well-pleaded

19   complaint.

20               MR. NGO:  I understand.

21               THE COURT:  So your complaint doesn't say

22   d/b/a.  In fact, your complaint keeps referring to the

23   defendant as an individual but the individual is not a

24   d/b/a.  The d/b/a and two companies.

25               MR. NGO:  Your Honor, and -- okay.  I mean,

15

Proceedings

1    many of the defendants that we sue are individuals who

2    are one and the same as the d/b/a and so, you know, it's

3    not something that comes up regularly.

4           THE COURT:  Well, how is a company working as a

5    d/b/a?  This is a corporation, right?  Trusa NY Corp.  So

6    if it's a corporate entity, presumably you can find out

7    what the because they have to be registered with New York

8    State, right?

9           MR. NGO:  Right, right.

10          THE COURT:  So that's a corporation.

11          MR. NGO:  Yeah, and --

12          THE COURT:  Then you can find the d/b/a's and

13   if it's an individual --

14          MR. NGO:  Certainly, your Honor.

15          THE COURT:  -- it's an individual but here

16   there's no individual named.  All you have is a

17   corporation.

18          MR. NGO:  Okay.  Once again, we can provide the

19   Court with supplemental materials, the evidence to show

20   the -- to your satisfaction, yeah, to your satisfaction,

21   the identity of this defendant as being the one who was -

22   - whose default was actually entered against.

23          I definitely understand what you're saying and

24   it's just that, you know, when we plead these things,

25   oftentimes, when we initiate these actions, we kind of

16

Proceedings

1  consider the more generous notice standard of a complaint

2  and --

3         THE COURT:  No, Mr. Ngo, I understand why at

4  the outset, you may not have all the information but what

5  I am saying is you've got to give me enough information

6  that I can actually enter a judgment that will be

7  enforceable in a court of law with damages that make

8  sense.  and I hear what you're saying but if you are

9  going to stop there, I can't enter a default here --

10         MR. NGO:  All right, so --

11         THE COURT:  -- because I don't know who I am

12  entering the default against.

13         MR. NGO:  Okay.  Well, it --

14         THE COURT:  Do you see what I am saying?

15         MR. NGO:  Well, if I --

16         THE COURT:  And the way you have pled it have

17  given me a lot of doubts about whether you've done your

18  due diligence to actually have, you know, information and

19  belief as to who the party is.  Right?  Because you've

20  got the website and you've provided the screen shots,

21  fine, but I don't know how that's connected to Trusa,

22  right?

23         MR. NGO:  Yes.

24         THE COURT:  You haven't told me that they're

25  connected.

17

Proceedings

1      MR. NGO:  And, your Honor --

2      THE COURT:  And then you also haven't told me

3 that this individual that you're talking about, who is

4 this individual you are talking about.  And if that's a

5 typo, fine.  All right?  But then the summons was served

6 on Rick Van Cesar.  Who is that?  So I can't even say

7 that the complaint was properly served unless I know that

8 the person you served it on has any connection to this

9 case.

10      MR. NGO:  I understand and I know this isn't

11 necessarily an excuse for the -- what you apparently

12 perceive as the insufficiency of the pleading but, I

13 mean, when you're in the context of when the other party

14 doesn't appear, it's -- the plaintiff is also unable to

15 get any --

16      THE COURT:  But you're --

17      MR. NGO:  -- discovery out of that.

18      THE COURT:  -- the lawyer -- so obviously,

19 you've sued this corporate entity.  So you have to have

20 some reason for knowing -- for believing that they're the

21 infringing party here.  Just tell me, right?

22      MR. NGO:  Yes.

23      THE COURT:  Just tell me what the connection

24 is.  And I just don't -- and then obviously, this Rick

25 Van Cesar is not a random name. So just tell me how the

18

Proceedings

1   person is connected.  I'm not saying that you have to be

2   perfect but you have to tell me what the connection is,

3   otherwise --

4              MR. NGO:  All right.

5              THE COURT:  -- I don't have any connection, so

6   I can make my finding that you properly served this

7   complaint.

8              MR. NGO:  All right.

9              THE COURT:  So that's all I'm saying.

10             MR. NGO:  All right.

11             THE COURT:  I just don't know why this is so

12  hard and you just keep saying oh, it's hard but these are

13  so basic.  I just need you to be very basic.

14             And then the last part on this is this law

15  firm, Spiegel and Utrera.  Who is that?

16             MR. NGO:  I believe that's house counsel for

17  Trusa NY Corp.  I mean, they were certainly authorized

18  for a --

19             THE COURT:  How do you know that?

20             MR. NGO:  Well, a process server served a

21  summons on that address and at that time, we were

22  informed that Spiegel & Utrera was authorized as the

23  agent to accept service of process for Trusa.

24             THE COURT:  Okay.  So again, you need to tell

25  me that that's the case because I don't know that.

19

Proceedings

1   Right?  So these may all be things you know but I -- and

2   it may be obvious.  I know nothing about the case.  So

3   you've got to tell me --

4           MR. NGO:  I understand.

5           THE COURT:  -- that this is the -- Spiegel and

6   Utrera are the agent that's authorized to accept service.

7           MR. NGO:  Yeah, that's -- well, I mean because

8   the return of summons is an affidavit from the process

9   server and so I guess my understanding -- I could be

10  wrong was that in and of itself, suffice.  I mean, our

11  office it served the summons and complaint ourselves.  It

12  was done through a licensed process server.

13          And, you know, when -- typically, I mean, just

14  in my experience, usually that suffices as proof of

15  service that service was done correctly.  I mean, whether

16  or not the party served is the correct party is another

17  question but --

18          THE COURT:  I'm looking at the affidavit of

19  service and it says it's served care of this company and

20  then it says by leaving with Steven Hannah (ph.), who is

21  the receptionist and he is authorized to accept service

22  on behalf of the corporation or a government entity, is

23  he authorized to accept service on behalf of the -- of

24  Trusa or on behalf of Spiegel & Utrera?  It's Trusa, is

25  that right?

20

Proceedings

1        MR. NGO:  Yeah, Trusa.

2        THE COURT:  That's what I would assume but --

3    okay.  Fine.  Now I am looking at the summons that says

4    Rick Van Cesar.  Who is Rick Van Cesar?  Because now

5    service is on a different person at a different address.

6        MR. NGO:  Yeah, I -- honestly, your Honor, this

7    case was initiated over a year ago and so all of the

8    details are a little -- are not entirely clear to me at

9    this point.  I guess I kind of assumed that if -- at the

10   point where we asked for a default to be entered by the

11   clerk, that was checked, whether or not, you know,

12   service was proper.  I understand the default would not

13   have been entered if that -- if there were any defects.

14       THE COURT:  Yes, but I am a judge and I am

15   looking at this now and there have been times when the

16   clerk's office has been mistaken, right?

17       MR. NGO:  I understand, yes.

18       THE COURT:  The clerk's entry of default has no

19   legal binding effect.  That cannot be used in court to

20   collect damages.  I am now entering something which is

21   enforceable.  So I am looking to make sure that

22   everything was proper and I have a lot of questions and I

23   am giving you the opportunity to fix it.  All right?  And

24   so if you don't know the answer now, you need to figure

25   it out because I am looking at the affidavit of service

21

Proceedings

1   that was on Spiegel & Utrera and I'm looking at the

2   summons that was issued and they're at different

3   addresses for different individuals and I just have a

4   question about that because the summons was issued to

5   this individual and it was served some place else.  So I

6   don't understand it, that's all.

7            MR. NGO:  Okay.  Well, I mean, we can certainly

8   submit the supplemental information that would link how

9   those addresses and names are all connected.

10           THE COURT:  Right, okay.  So even -- and if you

11  tell me that the summons, which was issued to Rick Van

12  Cesar at this 1711 Kings Highway was served on Steven

13  Hannah at 1 Maiden Lane and that's somehow correct, then

14  I just need to know that that is, in fact, the proper

15  thing because otherwise, you know, just to say it was

16  properly served and I am looking at it and it doesn't

17  match up, it's highly unusual for something to have been

18  issued to -- a summons to be issued one way and for it to

19  be served a completely different way.

20           So I just need to know that you've looked at it

21  and that you know that that is in fact proper.  Okay?

22           MR. NGO:  Okay.  It could very well be an

23  oversight.  I see where you're confused.  I have to

24  review the file again.

25           THE COURT:  Okay.

22

Proceedings

1    MR. NGO:  Like I said, it's been a while since
2    this action was initiated and certainly since the time of
3    the summons and time of service.  They were both over a
4    year ago.  So I need to review to see where those
5    addresses are coming from.

6    THE COURT:  Okay.

7    MR. NGO:  But I --

8    THE COURT:  Because I need to be sure that, in
9    fact, the proper defendant against whom I will be issuing
10   a judgment order, a default judgment --

11   MR. NGO:  Right, right.

12   THE COURT:  -- that they were properly
13   notified, so they had an opportunity to defend.  If
14   they --

15   MR. NGO:  Yes, I agree.

16   THE COURT:  If it turns out for whatever reason
17   that they never knew about this lawsuit, then that would
18   be a grave injustice for there to be a judgment against
19   them.  Okay?

20   MR. NGO:  Yes.  I (indiscernible).

21   THE COURT:  So that's why I want to make sure
22   that it's all been done properly and that they got
23   notice.

24   MR. NGO:  Yeah, yeah, and if turns out if we --
25   and if we did serve the incorrect party, I mean I would

23

Proceedings

1  be the first to agree that the whole action ought to be

2  dismissed or whatever is appropriate.

3          THE COURT:  Okay.  And so then I had a question

4  about -- this is linked to the whole issue that I don't

5  know anything about the corporation.  do -- does the

6  Court have personal jurisdiction over the defendant?

7  Because in a default judgment, I need to be assured of

8  that.  So                    --

9          MR. NGO:  Yeah, I mean this defendant at least

10  as alleged, is based in New York.

11          THE COURT:  Where in the complaint is that

12  alleged?

13          MR. NGO:  In the complaint, I know it's

14  alleged.  Let me tell you the exact -- yeah, in paragraph

15  8 of the complaint, your Honor, it's alleged that the

16  defendant resides in the City of Brooklyn and conducts

17  business in New York.

18          THE COURT:  Well, the company doesn't reside

19  anywhere.  Right?  A company has a principal place of

20  business.

21          MR. NGO:  Right, and I --

22          THE COURT:  Or is incorporated.

23          MR. NGO:  -- that's what the allegation was

24  trying to allege.

25          THE COURT:  But it's not kind of alleged

24

Proceedings

1  because it's not an individual.  A corporation --

2            MR. NGO:  Yeah, I --

3            THE COURT:  So where does the company have its

4  principal place of business?

5            MR. NGO:  The company -- the defendant and the

6  company are one in the same. That's what we're alleging

7  and they're both --

8            THE COURT:  There is only one defendant, the

9  defendant is Trusa.

10           MR. NGO:  Yes.

11           THE COURT:  Okay.  And Trusa is a company, all

12  right?  A company cannot reside anywhere.

13           MR. NGO:  Well, when we say reside, we -- I

14  understand that the complaint may appear to be -- could

15  have been pled a little bit better but it -- I think

16  given the context of the rest of the complaint, I would

17  assert that what was clear from that allegation is we

18  were referring to the principal place of business of the

19  corporate defendant.

20           THE COURT:  Okay.  I am taking a moment to

21  collect myself because what you're basically telling me

22  is that words don't matter and if you say a defendant is

23  an individual, you need to mean it.  The Court is not

24  going to extrapolate and say that that is a corporation.

25  If you say it's a person, a corporation can be a person

25

Proceedings

1    but --

2              MR. NGO:  Right.

3              THE COURT:  -- an individual is a human being.

4    So if you say the defendant is an individual, that is in

5    complete contradiction to the defendant is a corporation.

6    So --

7              MR. NGO:  All right.  I think this goes back to

8    your first concern regarding or first or second concern

9    earlier regarding the proof that we need to provide to

10   link to show exactly how the corporation and the

11   individual --

12             THE COURT:  Who is the individual?

13             MR. NGO:  Oh, oh, I am sorry.  I see what

14   you're saying.  No, I mean oftentimes in the law, your

15   Honor, the -- a corporation is treated like a person and

16   so I think that's what we're --

17             THE COURT:  Mr. Mr. Ngo, please, please.  You

18   did not use the word person.  All right.  So I am looking

19   at what you gave me and this is what you gave me.  I am

20   going to give you an opportunity to supplement.  If the

21   supplements are not sufficient because of all of the

22   different issues I am having with this, you may have to

23   submit a new complaint.  I will leave that up to your

24   professional judgment as to what is necessary.

25             I am telling you this, so that you have an

26

Proceedings

1   opportunity to fix it.  I could very well just deny this

2   whole thing.

3          MR. NGO:  I (indiscernible).

4          THE COURT:  Okay.

5          MR. NGO:  I appreciate the opportunity.

6          THE COURT:  So I don't need for these long

7   explanations that make no sense.  If you mean that

8   there's an individual human being, then name that person.

9   If there is no individual human being that you're aware

10  of, and you mean for this to be a corporation, then you

11  need to tell me where this corporation had a principal

12  place of business or was incorporated or any of those

13  other things that every other litigant is able to find

14  before they file a complaint.

15         So please provide that information.  That's all

16  I am asking, all right?

17         MR. NGO:  All right.  Any other concerns you

18  had?

19         THE COURT:  Yes, the last one is with regard to

20  complaints -- sorry, with regard to the contacts between

21  your client and this defendant, you've said here in

22  paragraph 16, "Plaintiff has provided multiple notices

23  and to cease use of the image."

24         Number one, I don't know what the prior contact

25  is.  It just says provided multiple notices.  I don't

27

Proceedings

1   really know enough about it because you're asking for a

2   permanent injunction but I don't know what kind of

3   contact your client actually had with the defendant in

4   terms of telling them to stop and you also don't have any

5   information in this complaint that says that they refused

6   to stop.

7           So I don't know that I have a basis for issuing

8   a preliminary injunction.

9           MR. NGO:  All right.  Well, I can -- like I

10  said, I can supplement this motion with that information.

11          THE COURT:  Okay, so that's the last part of

12  it, okay?

13          MR. NGO:  All right.

14          THE COURT:  So --

15          MR. NGO:  Anything else, your Honor?

16          THE COURT:  No, that is it.

17          MR. NGO:  All right.

18          THE COURT:  So what I can do is I can give you

19  a few weeks to supplement it with the information that

20  would be sufficient to address my questions.

21          MR. NGO:  Sure.

22          THE COURT:  And if you want to submit a new

23  complaint because there are deficiencies in the complaint

24  that you're concerned about based on our discussion, I

25  will grant you leave to do that but then you need to

28

Proceedings

1    serve it again for proper service.

2          Or if you want to go off the old complaint, you

3    need to provide enough information as to why that

4    complaint is sufficient, all right?

5          MR. NGO:  All right.

6          THE COURT:  Then I will look at it to see

7    whether there's enough to actually find liability in a

8    default judgment because that's what I am required by law

9    to do and then based on that, I will be looking to see if

10   you've given me enough outside the complaint, as well as

11   what's in the complaint to show me that the damages you

12   requested are proper and what the exact amount of damages

13   should be.

14         But it seems third-party to me, a lot of this

15   information is easy for you to get.  You should just get

16   it, present it and then we can move on.  And if you can't

17   get it and there's still a whole in what you've given me,

18   then I will have to deny that part of it.

19         MR. NGO:  Yes, your Honor.

20         THE COURT:  All right.  But I am giving you

21   this opportunity to fix the problems, that's it.

22         MR. NGO:  Yeah, we'll provide you with what you

23   need to address those concerns.

24         THE COURT:  All right.  So today is the 20th.

25   I will give you until October 11th.

Transcriptions Plus II, Inc.

29

Proceedings

1          MR. NGO:  Okay.

2          THE COURT:  That's three weeks.

3          MR. NGO:  And I am sorry, your Honor, just to

4   clarify, can this supplemental information, can just be

5   provided by way of a letter.

6          THE COURT:  Yes, just do a cover letter and

7   tell me what you've attached --

8          MR. NGO:  Okay.

9          THE COURT:  -- to the extent that there are

10  attachments and if there's information that you need, you

11  know --

12         MR. NGO:  Okay.

13         THE COURT:  -- if it has to be through an

14  affirmation or --

15         MR. NGO:  Okay.

16         THE COURT:  -- a declaration or affidavit, or

17  whatever form it is, for me to consider, then I will look

18  at it.

19         MR. NGO:  Sure.  Okay.  All right.  Thank you,

20  if I may be excused.

21         THE COURT:  All right.  Thank you.

22         MR. NGO:  Bye-bye.

23              (Matter concluded)

24                   -o0o-

25

30

# C E R T I F I C A T E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **21st** day of **June**, 2017.

*Linda Ferrara*
Linda Ferrara

AAERT CET\*\*D 656

Transcriptions Plus II, Inc.